## Batterson's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

56

*John Lewis Evans,* for exceptant; *Thomas Stokes,* contra.

GEST, J., December 30, 1932.—The testatrix, who died in 1915, bequeathed $15,000 in trust to pay the income to certain persons for life with remainder, at the death of the survivor, which event occurred in 1931, in trust to pay the trust fund to "Rt. Rev. S. M. Griswold, Missionary Bishop of Salina, Kansas, to be used by him for missionary work in his district." When the will was executed, Bishop Griswold was Missionary Bishop of the Missionary District of Salina, Kan., but in 1917 he ceased to be such missionary bishop and became Suffragan Bishop of Chicago. In 1930 he became Bishop of the Diocese of Chicago and was such at the time of his death later in the same year. The present Bishop of the Missionary District of Salina is the Rt. Rev. R. H. Mize. In another paragraph of the will there is a gift of $10,000 to Bishop Griswold for his own personal use, and in a subsequent paragraph of the will, and also in the residuary paragraph in the codicil, there are gifts to Bishop Griswold as Missionary Bishop of Salina, Kan., and his successor or successors in said office for missionary work.

The auditing judge held, and was undoubtedly correct in so holding, that the gift for missionary work was a charity, and, the trustee named in the will having died, another trustee should be substituted. The auditing judge further held that the logical substitute would be Bishop Griswold's successor, Bishop Mize, and, accordingly, awarded the fund to him for missionary work in his district.

The Corporation for the Relief of Widows and Children of Clergymen of the Protestant Episcopal Church in the State of New York, one of the residuary legatees, has filed these exceptions on the ground that the primary object of the gift was to give Bishop Griswold a fund to be expended by him in his own missionary work, wheresoever he might be, and that, as the purpose of the gift had failed by reason of his death, the fund fell into the residue. To a large extent the exceptant relies upon a comparison of the phraseology of the gift in the paragraph before us of the $15,000 trust fund, and the gift of one-fourth of the residuary bequest to Bishop Griswold, Missionary Bishop of Salina, Kan., "and his successor or successors in said office for missionary work," and draws the conclusion that the object of the testatrix was to give the fund to Bishop Griswold for the missionary work that he might be conducting when he should get the fund; that, therefore, the testamentary purpose has failed and the fund falls into the residue.

We discover no foundation for these exceptions. The auditing judge, whose reasons we need not repeat, was entirely correct in holding that the charitable gift was made to Bishop Griswold, Missionary Bishop of Salina, to be used by him for missionary work in his district, and that his district meant necessarily the district of Salina, of which he was the bishop. The case is somewhat similar to Donaldson's Estate, 1 Dist. R. 235, where like bequests were construed to be for the benefit of missionary work in the dioceses mentioned, although the dioceses were subsequently divided. The syllabus, so far as is here applicable, reads:

"Where a legacy is given to one by name and description, as bishop of a certain diocese, for a charitable use in the diocese, and subsequently the diocese is divided, and the trustee is made bishop of another jurisdiction the trust will be sustained, and the fund will be awarded to the trustee named, to be employed for the purpose mentioned in the will, throughout the territory which constituted his diocese when the will was made."

Here, however, the trustee, Bishop Griswold, is deceased, and the award should be made to a trustee to be appointed, as the provision in favor of his successor is not contained in the paragraph under discussion. While Bishop Mize

58

may be properly and logically appointed, yet he should be appointed upon a petition to the court in the regular way, and on entry of security in form and amount satisfactory to the court as provided by law.

The exceptions are dismissed and the adjudication is recommitted to the auditing judge for necessary corrections in accordance with this opinion.